IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| M.J.W., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:16-cv-640-GMB |
| | ) | |
| JACKSON HOSPITAL & CLINIC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion to Remand to State Court (Doc. 3) filed by Plaintiffs M.J.W., Cortney Williams, and Michael Williams, Jr. (collectively, "Plaintiffs"). After careful consideration of the parties' filings and the relevant law, and for the reasons stated herein, the court finds that Plaintiffs' motion to remand (Doc. 3) is due to be GRANTED.

## I.  BACKGROUND

This case was filed in the Circuit Court of Montgomery County, Alabama on August 21, 2015, and was pending in that court on July 25, 2016, when Plaintiffs filed their Third Amended Complaint. Doc. 1 at 2.  On August 5, 2016, Defendant Jackson Hospital, with the consent of Defendants Central Alabama OB/GYN Associates, P.A., Christopher Duggar, and Kelly Cook, filed its Notice of Removal and invoked this court's federal question jurisdiction by virtue of the Third Amended Complaint's inclusion of a claim under the federal Emergency Medical Treatment and Active Labor Act ("EMTALA"). Doc. 1 at 1–2.

That same day, Plaintiffs filed their fourth amended complaint, which was styled as an "Original Federal Complaint" and ostensibly removed any reference to EMTALA.[1] Doc. 2.  Plaintiffs file this complaint without first obtaining leave of court as required by Rule 15 of the Federal Rules of Civil Procedure.  Plaintiffs also filed the instant motion to remand, arguing that the court no longer has subject matter jurisdiction over the case because their amended complaint removed the federal EMTALA claim, compelling remand. Doc. 3 at 2.

On August 16, 2016, in recognition of their error in not obtaining leave of court prior to amending their claims, Plaintiffs filed their Motion for Leave to File Plaintiff's Original Federal Court Complaint. Doc. 14.  The court struck the Original Federal Complaint from the record, but granted Plaintiffs leave to amend the complaint. Doc. 31. On September 20, 2016, Plaintiffs filed their Amended Complaint. Doc. 32.  This complaint, which is the operative pleading before the court, alleges only state-law causes of action with no reference to EMTALA or any other federal statute. *See generally* Doc. 32.  Defendants failed to address whether the court should exercise supplemental jurisdiction over Plaintiffs' state-law claims. *See* Doc. 33 (ordering any briefs on supplemental jurisdiction to be submitted no later than October 5, 2016).  Accordingly, the motion to remand is ripe for adjudication.

---

[1] In an apparent mistake, Plaintiffs did not remove from the amended complaint paragraph 31, which states: "Pursuant to 42 U.S.C. § 1395dd(2)(A), Plaintiff does affirmatively plead for all 'those damages available for personal injury' in the State of Alabama as a result of the harm suffered as a direct result of [Jackson] Hospital's violation of the requirements of federal law." Doc. 2 at 12.

## II.  DISCUSSION

### A.    Subject Matter Jurisdiction

As a threshold matter, the court must first ascertain whether it had subject matter jurisdiction over this action at the time of removal.  As stated above, Plaintiffs initially argued that their filing of the Original Federal Complaint (Doc. 2), which ostensibly excised the EMTALA claim, compelled the conclusion that "this Court no longer has subject matter jurisdiction over this matter, and it must be remanded."  This argument is inconsistent with removal procedure under 28 U.S.C. § 1441.

Removal of a state court action to federal court is proper if the action "originally could have been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Thus, removal may be premised upon either diversity of citizenship or federal question jurisdiction. 28 U.S.C. § 1441; *Caterpillar*, 482 U.S. at 392.  Under federal question jurisdiction, federal courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.  Plaintiff is "master of the claim" and may avoid federal jurisdiction by exclusively relying on state law. *Id.*  There are two primary avenues for federal question jurisdiction under § 1331.  First, a suit "arises under" federal law if it explicitly states a federal cause of action. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8–9 (1983).  Second, a case might invoke federal question

jurisdiction if, even though it includes only state-law causes of action, the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law." *Id.* at 13. The Supreme Court has described this class of cases as "special and small." *See Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

Here, Plaintiffs amended their complaint to add a claim under EMTALA, but they did not do so by listing an EMTALA claim in the "Causes of Action" section of their Third Amended Complaint. Doc. 4-4 at 12 & 20–48. Despite this omission, Plaintiffs alleged facts to support violations of EMTALA, sought to hold Defendants to EMTALA's strict liability standard, and claimed damages pursuant to the alleged violations of the statute. Doc. 4-4 at 12–13. In function, if not in form, this amounted to a cause of action under EMTALA. Further, even if the amended complaint did not explicitly state a federal cause of action, it arose under federal law because the Plaintiffs' desired relief "requires resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 13. Specifically, Plaintiffs requested damages under EMTALA and for Defendants to be held strictly liable.[2] Doc. 4-4 at 12–13. This relief can only be properly accorded after a determination of whether Defendants did in fact violate EMTALA.

This finding is consistent with other district courts' analysis of the federal question jurisdiction triggered by imprecise references to EMTALA. For example, in *Alade v. Barnes-Jewish Hospital, Inc.*, the court found that subject matter jurisdiction was not

---

[2] In the sense that no specific mental state is required by the statute, it has been described as including a "strict-liability provision." *See Summers v. Baptist Med. Ctr. Arkadelphia*, 91 F.3d 1132, 1137 (8th Cir. 1996).

established where the plaintiffs made multiple specific references to two federal statutes,

including EMTALA, but did not request relief under these statutes. *See Alade v. Barnes-*

*Jewish Hosp., Inc.*, 2012 WL 2598091, at *4 (E.D. Mo. July 5, 2012).  As here, the plaintiff

in *Alade* asserted only state-law causes of action. *Id.*   However, in *Alade*, the alleged

violations of the federal statutes were merely "part of the factual background," and "[n]one

of plaintiff's state law claims [were] based on alleged violations of the[] federal statutes."

*Id.* at 5–6.  Here, Plaintiffs explicitly alleged a violation of EMTALA with a corresponding

request for relief under the statute, even if they did not list it as a separate cause of action.

   *Harrison v. Christus St. Patrick Hospital* is also instructive.   In that case, the

Magistrate Judge recommended that the case be remanded for lack of subject matter

jurisdiction because the plaintiff did not expressly assert a cause of action or seek a remedy

under EMTALA. *Harrison v. Christus St. Patrick Hosp.*, 432 F. Supp. 2d 648, 649 (W.D.

La. 2006).  The district court rejected this recommendation in finding that the plaintiff's

right to relief depended on the resolution of a substantial question of federal law because

the plaintiff specifically alleged "improper emergency room screening and/or treatment

based upon the plaintiff's ability to pay." *Id.* at 650–51.  Identically, Plaintiffs here have

claimed violations of EMTALA in allegedly improper emergency room screening based

upon Defendants' inquiry into Plaintiff Cortney Williams' method of payment and

insurance status. Doc. 4-4 at 12–13.  Because Plaintiffs' EMTALA allegations include an

explicit request for relief and are not merely the background for state-law claims, the court

finds that Plaintiffs' request for relief required the resolution of a substantial question of

federal law.   The court therefore finds that the case became properly removable on

Defendants' receipt of Plaintiffs' Third Amended Complaint.

Because the court had federal question jurisdiction pursuant to § 1331 at the time of removal, Plaintiffs' subsequent attempts to amend away any mention of EMTALA do not suddenly strip the court of subject matter jurisdiction.  A district court's jurisdiction is determined at the time of removal, and "events occurring after removal do not oust the district court's jurisdiction." *Smith v. Wynfield Dev. Co., Inc.*, 238 F. App'x 451, 455 (11th Cir. 2007).  The plaintiff in *Smith*, for example, filed an amended complaint in federal court that omitted any reference to federal law following removal on the basis of federal question jurisdiction. *Id.* at 453–54.  And she argued that because her amended complaint contained only state-law claims, the district court did not have subject matter jurisdiction and should have remanded the case.  The Eleventh Circuit rejected the argument, holding that post-removal amendments do not deprive the court of subject matter jurisdiction. *Id.* at 455; *see* 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3721 (4th ed. 2016) (stating that "a plaintiff cannot destroy federal question jurisdiction by dismissing federal question claims").  That reasoning holds here.  Even though the operative Amended Complaint makes no mention of EMTALA, the court retains subject matter jurisdiction over this case. *See, e.g.*, *Ansley v. Prof'l Res. Mgmt., Inc.*, 2013 WL 5775154, at *2 (finding jurisdiction where plaintiff amended complaint after removal to delete EMTALA claim).

## B.    Supplemental Jurisdiction

The court's inquiry does not end with subject matter jurisdiction.  A district court may decline to exercise supplemental jurisdiction over remaining state-law claims if all the claims over which it had original jurisdiction have been dismissed. *See* 28 U.S.C.

§ 1367(c)(3). Therefore, now that Plaintiffs have removed any mention of EMTALA from their operative complaint, the court must decide whether it will exercise supplemental jurisdiction over their remaining state-law claims.[3] *See, e.g., Behlen v. Merrill Lynch*, 311 F.3d 1087, 1096 ("The court had discretion to retain jurisdiction over the state law claims even after [the plaintiff] amended the complaint to remove any federal cause of action."). In the Eleventh Circuit, district courts are encouraged to remand state-law claims where federal claims have been dismissed prior to trial. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088 (11th Cir. 2004); *see Ingram v. School Bd. of Miami-Dade Cnty.*, 167 F. App'x 107, 109 (11th Cir. 2006) (holding that remand is the proper remedy where a district court declines to exercise supplemental jurisdiction in a case that was previously removed).

"[A] federal court should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over" state-law claims after all federal claims have been dismissed. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Crosby v. Paulk*, 187 F.3d 1339 (11th Cir. 1999). When the "balance of these factors" indicates that the case should be remanded, "as when federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain," the court should decline to exercise its supplemental jurisdiction. *Carnegie-Mellon*, 484 U.S. at 350. Of course, forum-shopping is a "legitimate and serious" concern

---

[3] To the extent the Plaintiffs have continued to allege the "factual basis" for an EMTALA claim, as Defendants suggest, the court concludes that this does not satisfy the prerequisites for a federal cause of action. *See* Doc. 18 at 10 & 14. "While EMTALA might factor in as evidence bearing on a state-law standard of care or other element of the Plaintiff's case, 'the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction.'" *Ansley*, 2013 WL 5775154 at *3 (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).

when a plaintiff has dismissed the federal claims that prompted removal and subsequently moves to remand the case back to state court. *Id.* at 356 n.12.  However, this concern does not "necessitate a blanket prohibition on remands when the federal district court's jurisdiction over a case is inherently discretionary." *Id.*

In a nearly identical case from this district, the court in *Ansley* declined to exercise supplemental jurisdiction over the remaining state-law claims after the plaintiff amended his complaint in federal court to remove an EMTALA claim, which was the only federal cause of action. *Ansley*, 2013 WL 5775154, at *2–4.  The district court balanced the *Carnegie-Mellon* factors and, despite forum-shopping concerns, determined that the factors weighed in favor of remand. *Id.*  Specifically, the court focused on the fact that the litigation was in its early stages and federal judicial resources would not have been wasted by a remand back to state court. *Id.*; *see Shelley v. City of Headland*, 2009 WL 2171898, at *2 (M.D. Ala. July 21, 2009) (remanding where the case was still in its "early stages" and no significant litigation had occurred in federal court).

The same result is warranted in this case.  Particularly when viewed through the lens of the Eleventh Circuit's preference for remand under similar circumstances, the *Carnegie-Mellon* analysis compels remand here.  As in *Ansley*, the only remaining causes of action in this case require "interpretation and application of Alabama law," and the State of Alabama has a strong interest in hearing disputes between its citizens requiring the application of its laws. *See id.* at *3.  Thus, concerns for comity weigh strongly in favor of remand.  Similarly, it is most judicially economical for this case to be heard in state court. The case has existed in federal court for only a short time, and litigation in this court has

centered exclusively on the issue of federal jurisdiction and the procedural machinations associated with it.  However, the parties had litigated extensively for one year in state court and were preparing for a trial date.  Thus, because the federal proceedings are still in their earliest stages and no judicial resources would be wasted if the case were remanded, it is more efficient for the case to return to the Circuit Court of Montgomery County.

Similarly, it is most convenient for all parties involved for the case to be remanded because all of the parties reside or work in Montgomery County, and the litigation's advanced stage in state court indicates no lack of convenience.  Finally, Plaintiffs' ostensible forum manipulation does weigh against remand.  Forum shopping to serve any purpose erodes the foundation of the judicial system and must not be rewarded.  Even so, this concern cannot tip the scales against remand where the balance of the *Carnegie-Mellon* factors weighs decisively in its favor.  Therefore, the court declines to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c).

## IV.  CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiffs' motion to remand (Doc. 3) is GRANTED, and this case is REMANDED to the Circuit Court of Montgomery County, Alabama.

The Clerk of Court is DIRECTED to take all necessary steps to effectuate remand.

DONE this 4th day of November, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE
